UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE MARRERO**

**08 CV 0250**

-----------------------------------------------------

NICOLA TAVOLONI,

               Plaintiff,

        -against-

FIRST UNUM LIFE INSURANCE COMPANY,
UNUMPROVIDENT.
               Defendants.

-----------------------------------------------------x

<u>COMPLAINT</u>

JAN 11 2008
U.S.D.C. S.D.N.Y.
CASHIERS

       Plaintiff, NICOLA TAVOLONI (hereafter "TAVOLONI"), by his attorneys,

McCormick Dunne & Foley, as and for a complaint against the above-captioned

defendants, alleges as follows:

### JURISDICTION AND VENUE

1.     This action arises under the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. 1001, et seq. and specifically 29 U.S.C. 1132(a)(1)(B).

2.     Jurisdiction is vested in this Court pursuant to 29 U.S.C. 1132 (c)(1) and (f).

3.     Venue is proper pursuant to 29 U.S.C. 1132(c) (2), both because the subject

breach took place in the Southern District of New York, and because the plaintiff resides

in the Southern District of New York.

### THE PARTIES

4.     Plaintiff NICOLA TAVOLONI ("TAVOLONI") is a natural person and a citizen

of the State of New York, residing at 622 East 20th Street, Apartment 5F, New York ,

New York 10009.

5.     Upon information and belief, at all times hereinafter mentioned, defendants

FIRST UNUM LIFE INSURANCE COMPANY ("UNUM") and UNUMPROVIDENT, were and are either corporations organized and existing under and by virtue of the laws of the State of New York, or foreign corporations duly authorized to transact business in the State of New York.

6.      Upon information and belief, at all times hereinafter mentioned, TAVOLONI was an employee of Mount Sinai School of Medicine and was insured and covered under a policy of long term disability insurance issued by the defendants and the PLAN was and is an "employee welfare benefit plan" and a "welfare benefit plan," as defined by 29 U.S.C. 1002(1), and an "employee benefit plan" and a "plan," as defined by 29 U.S.C. 1002(3).

7.      Upon information and belief, at all times mentioned, the defendants were the "administrator" of the PLAN, as defined by 29 U.S.C. 1002(16)(A).

8.      Upon information and belief, at all times hereinafter mentioned, FIRST UNUM LIFE INSURANCE COMPANY was the "claims administrator" of the PLAN as well as the insurer - administrator of the PLAN.

## BACKGROUND

9.      On a date prior to June 19, 2002, as a benefit of his employment, TAVOLONI became eligible for long term disability benefits under the PLAN.

10.     On June 19, 2002, TAVOLONI became "disabled," as defined by the PLAN.

11.     Thereafter, TAVOLONI timely submitted a claim for long term disability benefits under the PLAN.

12.     By letter dated June 16, 2004, TAVOLONI was notified that his long term disability benefits were being denied on the basis of the reasons set forth in said letter.

13.    TAVOLONI timely submitted an administrative appeal challenging the decision to terminate his long term disability benefits.

14.    By letter dated January 14, 2005, TAVOLONI's administrative appeal was denied, thereby exhausting his administrative remedies.

## AS AND FOR A FIRST CAUSE OF ACTION

15.    TAVOLONI repeats and reiterates paragraphs "1" through "14," as if fully set length herein.

16.    Both the decision to deny TAVOLONI's long term disability benefits and the administrative appeal decision affirming the decision to deny TAVOLONI's long term disability benefits were and are erroneous and in violation of TAVOLONI's rights under ERISA.

17.    Accordingly, defendants are liable to TAVOLONI for the sum of all long term disability benefits wrongfully withheld from him since June 2002.

18.    Additionally, TAVOLONI is entitled to have his long term disability claim accepted pursuant to the terms of the PLAN, and to receive long term disability benefits on a going-forward basis.

19.    Lastly, TAVOLONI is entitled to attorney's fees and costs pursuant to 29 U.S.C. 1132(g)(1).

WHEREFORE, TAVOLONI demands judgment:

    (i)    awarding him the sum of all long term disability benefits wrongfully withheld from him since June 2002, together with prejudgment interest;

(ii)    declaring that he is entitled to have his claim for long term disability benefits restored on a going forward basis;

(iii)    awarding him attorney's fees and costs pursuant to 29 U.S.C. 1132(g)(1); and

(iv)    for such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
       January 11, 2008

Yours, etc.

McCormick Dunne & Foley

By: _Joseph P. Altman Jr._
Joseph P. Altman Jr. (JA1562)

Attorneys for Plaintiff
Office and P.O. Address
61 Broadway, Suite 2100
New York, New York 10006
(212) 363 1300